UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JIN-MING LIN and CHI-WAI CHAO, on behalf of themselves and on behalf of others similarly situated, <br><br> Plaintiffs, <br> v. <br><br> CHINATOWN RESTAURANT CORP., JOYCE P.Y. HAYES, and WILLIAM M. WAINWRIGHT, <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

## COMPLAINT

### I.   INTRODUCTION

1.  This is a collective action by employees of the Chinatown Restaurant Corporation (the "Restaurant") in which the employees seek compensation for unpaid wages, minimum wage, and overtime pay for work in excess of forty hours per week under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq*, the Massachusetts wage laws, G.L. c.149 §§148 and 150 and G.L. c.151 §1, and other state and federal laws, rules and regulations.

2.  As set forth below, Plaintiffs Jin-Ming Lin and Chi-Wai Chao and others similarly situated regularly worked sixty to eighty hours per week throughout their employment. Despite this, Defendants consistently paid the Plaintiffs, on a bi-weekly basis, for far fewer hours than they had actually worked. As a result of the nonpayment of wages, the Plaintiffs earnings fell below the Massachusetts minimum wage. Moreover, Defendants never paid overtime pay at time-and-a-half for hours worked over forty hours per week.

3. As a result, Plaintiffs bring this action seeking, on their own behalf and on behalf of all others similarly situated who may opt out of this case, their wages as well as interest, liquidated damages, attorney's fees and costs, all as prescribed for by law.

4. The named plaintiffs seek to represent a class of all people who are or have been employed by the Restaurant and who have not been paid their wages, minimum wage and overtime pay for work in excess of forty hours per week owed to them pursuant to Rule 23 of the Federal Rules of Civil Procedure and 29 U.S.C. §216(b).

## II.  JURISDICTION

5. This action is brought pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b). Title 28 U.S.C. §§1331 and 1343 provide federal question jurisdiction, and 28 U.S.C. §1367 provides supplemental jurisdiction over the state law claims including common law and Massachusetts General laws, c.149 §§148 and 150 and c.151 §1.

6. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omission on which the claims are based occurred in this judicial district.

## III.  PARTIES

7. Plaintiff Jin-Ming Lin ("Lin") is a resident of Quincy, Massachusetts and was at all times material to this complaint a resident of the Commonwealth of Massachusetts. Mr. Lin was employed by the Restaurant from approximately May 10, 2008 until February 7, 2009 as a driver.

8. Plaintiff Chi-Wai Chao ("Chao") is a resident of Quincy, Massachusetts and was at all times material to this complaint a resident of the Commonwealth of Massachusetts. Mr. Chao

was employed by the Restaurant from approximately August 21, 2008 until February 3, 2009 as a front desk person.

9. Plaintiffs bring this action on their own behalf and on behalf of all other employees who have been employed by the Restaurant within the last three years. A consent to sue form for the plaintiffs is attached to this Complaint as Exhibit A.

10. Defendant Chinatown Restaurant Corporation is a domestic, for-profit corporation organized under the laws of Massachusetts with its principal place of business located in Brockton, Massachusetts.

11. Defendant Joyce P.Y. Hayes is a resident of Randolph, Massachusetts and was at all times material to this complaint a resident of the Commonwealth of Massachusetts. She is the President and Treasurer of the Restaurant and maintains an office at the Restaurant located in Brockton, Massachusetts.

12. Defendant William M. Wainwright is a resident of South Easton, Massachusetts and was at all times material to this complaint a resident of the Commonwealth of Massachusetts. He is the Secretary and a Director of the Restaurant.

13. The Restaurant was an enterprise engaged in interstate commerce under the FLSA and its regulations. Defendants employed employees in interstate commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for interstate commerce, all during the relevant time period.

14. Defendants maintained annual gross sales of at least $500,000 during the relevant time period.

15. Defendants regularly transacted business in this district during the relevant time period.

16. As a result, Defendants were required to compensate Plaintiffs in accordance with the requirements imposed on employers by the FLSA.

## IV.    FACTS

### Jin-Ming Lin

17. From on or about May 10, 2008 until February 7, 2009, the Restaurant employed Mr. Lin to be its driver on a full-time basis. Mr. Lin drove other Restaurant employees to and from work in the mornings and in the evenings after the Restaurant closed. During the day, he delivered food to Restaurant customers.

18. At the start of Mr. Lin's employment, Defendants promised to pay him $12.00 per hour for all hours that he worked.

19. During the time of his employment, Mr. Lin worked 80 hours per week.

20. However, the bi-weekly pay that he received consistently fell far short of the pay that he had been promised for the hours that he had worked.

21. Rather than paying Mr. Lin the 160 hours that he worked during the two week period, on average, the Restaurant paid him only 52 hours. On one occasion he was paid a mere 10 hours with the promise that it would be made up to him on a future date.

22. As a result of the nonpayment of wages, Mr. Lin consistently received less than the Massachusetts minimum wage of $8.00 per hour.

23. Mr. Lin did not receive time-and-a-half his regular rate of pay for hours he worked in excess of forty hours per week.

24. When Mr. Lin learned that he was entitled to payment for unpaid wages and overtime, he complained to Defendant Joyce P.Y. Hayes, the President, Treasurer and manager of the Restaurant. He made a demand that his wages and overtime be paid.

25. Defendant Hayes refused to pay the wages and overtime owed and terminated Mr. Lin's employment with the Restaurant.

**Chi-Wai Chao**

26. From on or about August 21, 2008 until February 3, 2009, the Restaurant employed Mr. Chao as the front desk person on a full-time basis. His duties included taking orders from customers by phone or in person, handling prepared food and attending to cashiering duties.

27. At the start of Mr. Chao's employment, Defendants promised to pay him $10.00 per hour for all hours that he worked.

28. During the time of his employment, Mr. Chao worked 66 hours per week.

29. However, the bi-weekly pay that he received consistently fell far short of the pay that he had been promised for the hours that he had worked.

30. Rather than paying Mr. Chao the 132 hours that he worked during the two week period, on average, the Restaurant paid him only 50 hours.

31. As a result of the nonpayment of wages, Mr. Chao consistently received less than the Massachusetts minimum wage of $8.00 per hour.

32. Mr. Chao did not receive time-and-a-half his regular rate of pay for hours he worked in excess of forty hours per week.

33. When Mr. Chao learned that he was entitled to payment for unpaid wages and overtime, he complained to Defendant Joyce P.Y. Hayes, the President, Treasurer and manager of the Restaurant. He made a demand that his wages and overtime be paid.

34. Defendant Hayes refused to pay the wages and overtime owed and told Mr. Chao that he was terminated.

**Exhaustion of Administrative Remedies**

35. Pursuant to the state law requirements as set forth in Massachusetts General Laws Chapter 149 §150, Plaintiffs have filed their statutory claims with the Office of the Attorney General and have received a right to sue letter in order to proceed on their claims in court.

**Class and Collective Action Allegations**

36. Pursuant to Section 16(b) of the FLSA, Plaintiffs bring Count I as a collective action (also referred to as an opt-in" class) for violations of the FLSA on behalf of themselves and on behalf of all persons similarly situated within three (3) years of the filing of this Complaint until entry of judgment ("FLSA Class").

37. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring Counts II and III as a true class action (also referred to as an "opt-out" class) for violations of the Massachusetts Wage Act on behalf of themselves and on behalf of all persons similarly situated within two (2) years of the filing of this Complaint until entry of judgment ("Massachusetts Class").

38. The named plaintiffs, Jin-Ming Lin and Chi-Wai Chao, are members of both subclasses described above.

39. On information and belief, there are approximately 50-75 people in the FLSA Class and 50-75 people in the Massachusetts Class. The actual number of members in each subclass is readily ascertainable by a review of Defendants' records through appropriate discovery.

40. The subclasses represented by the plaintiffs are so numerous that joinder of all such persons is impractical and would involve scores of actions. Disposition of these claims in a class or collective action rather than in individual actions will benefit the parties and the Court.

41. There is a well-defined community of interest in the questions of law and fact affecting each subclass as a whole.

42. Proof of a common or single set of facts will establish the right of every member of each subclass to recover. These common questions of law and fact predominate over questions that affect only individual class members. Plaintiffs' claims are typical of those of the class.

43. A class of collective action is superior to other available methods for the fair and efficient adjudication of the controversy. Due to the typicality of the class members' claims, the interests of judicial economy will be best served by adjudication of this lawsuit as a class or collective action. This type of case is uniquely well-suited for class or collective treatment since (1) the employer's practices were uniform, (2) the burden is on the employer to prove any exemption, and (3) the burden is on the employer to disprove the hours claimed to have worked by the employees.

44. Plaintiffs will fairly and adequately represent the interests of the class, and have no interests that conflict with or are antagonistic to the interests of the class. The attorney for plaintiffs is experienced and capable and has successfully represented plaintiffs in other civil rights class action litigation. Counsel has the resources and expertise to prosecute this action.

45. Plaintiffs and counsel are aware of their fiduciary responsibilities to the class members and are determined to diligently discharge those duties by vigorously seeking the maximum possible recovery for the class.

46. There is no plain, speedy, or adequate remedy other than by maintenance of this class action. The prosecutions of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class

which would establish incompatible standards of conduct for the Defendants and result in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties.

**COUNT I:    Fair Labor Standards Act**

47. The above paragraphs are incorporated by reference.

48. The Fair Labor Standards Act, 29 U.S.C. §207 provides that employers who employ employees for a workweek of more than forty hours shall compensate those employees for hours in excess of forty hours per week at the rate of time-and-a-half their regular hourly rate.

49. The Restaurant regularly employed the Plaintiffs for workweeks in excess of forty hours per week, but willfully failed to compensate them for hours in excess of forty hours per week at the rate of time-and-a-half their regular hourly rate.

50. The Defendants' repeated, willful and intentional failure to pay overtime compensation to its employees violated the federal Fair Labor Standards Act, 29 U.S.C. §§201 et seq.

51. As a result of these violations, Plaintiffs were damaged.

**COUNT II:    Massachusetts Timely Payment of Wages Act**

52. The above paragraphs are incorporated by reference.

53. Massachusetts General Laws c.149 §§148 and 150 require that employers pay employees for all hours worked no later than six days following the end of the pay period in which wages are earned, and employees who are terminated from his or her employment must be paid all wages owed in full on the day of the termination. The laws further provide that employees who are not paid wages may file suit to recover unpaid wages.

54. The Defendants' repeated, outrageous and willful failure to pay earned wages to its employees violated the Massachusetts wage laws.

55. As a result of these violations, Plaintiffs were damaged.

**COUNT III:   Massachusetts Minimum Wage Act**

56. The above paragraphs are incorporated by reference.

57. Pursuant to G.L. c.151 §1, employees were required to be paid a minimum wage of $8.00 per hour as of January 1, 2008, $7.50 per hour from January 1, 2007 to December 31, 2007 and $6.75 per hour prior to January 1, 2007.

58. Throughout the relevant time periods, Defendants were in violation of the Massachusetts minimum wage law because the wages that they paid Plaintiffs averaged less than the minimum wage established by law.

59. As a result of these violations, Plaintiffs were damaged.

**COUNT IV:   Quasi-Contract**

60. The above paragraphs are incorporated by reference.

61. Plaintiffs conferred a considerable benefit on Defendants by working many hours each week to ensure that Defendants' business ran smoothly.

62. Defendants accepted Plaintiffs' services with the knowledge that they expected to be paid for those services.

63. Plaintiffs provided those services with the reasonable expectation that they would be properly compensated.

64. As a result of these violations, Plaintiffs were damaged.

**COUNT V:    Unjust Enrichment**

65. The above paragraphs are incorporated by reference.

66. Defendants have been unjustly enriched at Plaintiffs' expense by receiving the benefit of Plaintiffs' services without paying them the proper compensation.

67. As a result of these violations, Plaintiffs were damaged.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiffs request that this Court:

1. Award owed wages;

2. Award liquidated damages under the FLSA;

3. Award treble damages under Massachusetts General Laws c.149 §150;

4. Award such pre-judgment and post-judgment interest as may be allowed by law;

5. Award the costs of this action, including reasonable attorney's fees; and

6. Award such other and further relief as this Court may deem necessary and appropriate.

**JURY DEMAND**

A jury trial is hereby demanded.


**RESPECTFULLY SUBMITTED,**
JIN-MING LIN and CHI-WAI CHAO,
on behalf of themselves and
all others similarly situated,

By their attorneys,


 /s/ Myong J. Joun
Myong J. Joun
BBO No. 645099
420 Harvard Street
Brookline, MA 02446
Tel.: (617) 304-6186
Fax: (866) 551-4983
Email: mjoun@massrights.com

   /s/ Jeffrey Wiesner
Jeffrey Wiesner
BBO No. 655814
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
Tel.: (617) 742-5800
Fax: (617) 742-5858
Email: jwiesner@sswg.com

Dated: September 10, 2009

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JIN-MING LIN, RONG-XIE XU and CHI-WAI CHAO, on behalf of themselves and all others similarly situated, </br></br>　　　Plaintiffs,</br>v.</br></br>CHINATOWN RESTAURANT CORP. and JOYCE P.Y. HAYES,</br></br>　　　Defendants. | )</br>)</br>)</br>)</br>)</br>)</br>)</br>)　CIVIL ACTION NO.: _____</br>)</br>)</br>)</br>)</br>)</br>)</br>) |

Pursuant to 29 U.S.C. §216(b), I, Jin-Ming Lin, consent to act as a plaintiff in this case, both on my own behalf and on behalf of all persons similarly situated.

_____
Jin-Ming Lin

Dated: 5/16/09

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| JIN-MING LIN, RONG-XIE XU and CHI-WAI CHAO, on behalf of themselves and all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>CHINATOWN RESTAURANT CORP. and JOYCE P.Y. HAYES,<br><br>    Defendants. | CIVIL ACTION NO.: _____ |

Pursuant to 29 U.S.C. §216(b), I, Chi-Wai Chao, consent to act as a plaintiff in this case, both on my own behalf and on behalf of all persons similarly situated.

_____
Chi-Wai Chao

Dated: 5/13/09



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108

MARTHA COAKLEY
ATTORNEY GENERAL

(617) 727-2200
www.mass.gov/ago

April 21, 2009

Myong J. Joun
Joun Law Office
420 Harvard Street
Brookline, MA  02446

Re: Private Right of Action – Jin-Ming Lin, Rong-Xie, Chi-Wai Chao

**Authorizing for Immediate Private Suit  - Chinatown Restaurant Corporation**

Dear Atty. Joun:

Thank you for contacting the Office of the Attorney General's Fair Labor Division.

This letter is to inform you that we have carefully reviewed your complaint and have determined that the proper resolution of this matter may be through a private suit in civil court. Accordingly, we are authorizing you to pursue this matter through a civil lawsuit immediately.

Massachusetts General Laws, chapter 149, sec. 150, and chapter 151, secs. 1B and 20 establish a private right of action for employees who believe they are victims of certain violations of the state wage laws. If you elect to sue in civil court, you may bring an action on your own behalf and others similarly situated, and you may obtain injunctive relief, treble damages for any loss or wages and other benefits, as well as the costs of litigation and reasonable attorneys' fees.

Without making a judgment on the merits of your complaint, this correspondence represents this office's written assent to sue and grants you the authority to pursue this matter against your employers immediately, as permitted by Massachusetts General Laws chapters 149 and 151.  This office will not take further enforcement action at this time.

Thank you for your attention to this matter.

Sincerely,

Bruce Trager
Assistant Attorney General
Fair Labor Division
(617) 727-2200, extension 2336

BT/mm