UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11510-GAO

JIN-MING LIN and CHI-WAI CHAO,
on behalf of themselves and on behalf of others similarly situated,
Plaintiffs,

v.

CHINATOWN RESTAURANT CORP., JOYCE P.Y. HAYES, and WILLIAM M. WAINRIGHT,
Defendants.

OPINION AND ORDER
June 19, 2012

O'TOOLE, D.J.

The defendant, Chinatown Restaurant Corp., has moved to compel answers to interrogatories previously requested from the plaintiffs.

"An interrogatory may relate to any matter that may be inquired into under Rule 26(b)." Fed. R. Civ. P. 33(a)(2). Rule 26(b) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. at 26(b).

In the present case, the defendant seeks through interrogatories additional information about the plaintiff's current and former employment. Much of that information sought is of only marginal or questionable relevance. Under the particular circumstances of this case, the plaintiffs were substantially justified in their refusal to provide this information to the defendant. See Sheppard v. River Valley Fitness One, L.P., 428 F.3d 1, 12 (1st Cir. 2005) ("'[S]ubstantially

justified' does not mean 'justified to a high degree,' but only 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'").

Nevertheless, an important issue in this case will be the trustworthiness of the plaintiffs' assertions about the work they performed for the defendants. Interrogatories 2 through 6, which address matters of current and former employment, may reasonably lead to the discovery of evidence on this issue and are not unduly burdensome. See Fed. R. Civ. P. 26(b)(2)(C). The plaintiffs must answer those interrogatories fully and sign their answers.

Interrogatories 15 and 16, on the other hand, seeking information about the plaintiffs' social security numbers, are neither relevant to the case's legitimate defenses nor reasonably calculated to lead to the discovery of admissible evidence. The question here is not close. The plaintiffs need not answer those interrogatories.

The plaintiffs shall have twenty days from the date of entry of the present order to provide discovery in accordance with this order. The Court shall not award costs and fees. See Fed. R. Civ. P. 37(a)(5)(A).

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Court