UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JIN MING LIN, CHI WAI CHAO, YOOK THAI CHEAH, MING F. FUNG, MUOI GIANG, YUEN YUE SOOHOO, and MEI ZHI, <br><br> Plaintiffs, <br> v. <br><br> CHINATOWN RESTAURANT CORP., and JOYCE P.Y. HAYES, <br><br> Defendants. | Civil Action No. 09-11510-GAO |

## FIRST AMENDED COMPLAINT

**I.   INTRODUCTION**

1. This is a collective action brought by seven employees of the Chinatown Restaurant Corporation (the "Restaurant") in which the employees seek compensation for unpaid wages, minimum wage, and overtime pay for work in excess of forty hours per week under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§201 *et seq*.

2. As set forth below, Plaintiffs regularly worked sixty-six to eighty hours per week throughout their employment. Despite this, Defendants consistently paid the Plaintiffs, on a bi-weekly basis, for far fewer hours than they had actually worked. As a result of the nonpayment of wages, the Plaintiffs earnings fell below the minimum wage. Moreover, Defendants never paid overtime pay at time-and-a-half for hours worked over forty hours per week to any of the Plaintiffs.

3. As a result, Plaintiffs bring this action seeking their wages as well as interest, liquidated damages, attorney's fees and costs, all as prescribed for by law.

## II. JURISDICTION

4. This action is brought pursuant to section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b). Title 28 U.S.C. §§1331 and 1343 provide federal question jurisdiction.

5. Venue is proper in this judicial district under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omission on which the claims are based occurred in this judicial district.

## III. PARTIES

6. Plaintiff Jin Ming Lin is a resident of Quincy, Massachusetts and was at all times material to this complaint a resident of the Commonwealth of Massachusetts. Mr. Lin was employed by the Restaurant from approximately May 10, 2008 until February 7, 2009 as a driver.

7. Plaintiff Chi Wai Chao is a resident of Quincy, Massachusetts and was at all times material to this complaint a resident of Massachusetts. Mr. Chao was employed by the Restaurant from approximately August 21, 2008 until February 3, 2009 as a front desk person.

8. Plaintiff Yook Thai Cheah is a resident of Wollaston, Massachusetts and was at all times material to this complaint a resident of the Commonwealth of Massachusetts. Ms. Cheah was employed by the Restaurant from approximately November 2008 until January 2011 packaging take-out orders and then as a front desk person.

9. Plaintiff Ming F. Fung is a resident of Braintree, Massachusetts and was at all times material to this complaint a resident of Massachusetts. Mr. Fung was employed by the Restaurant from approximately May 2008 until August 2008 as an appetizer cook.

10. Plaintiff Muoi Giang is a resident of Brockton, Massachusetts and was at all times material to this complaint a resident of Massachusetts. Mr. Giang was employed by the Restaurant from approximately July 2010 until February 2012 as an appetizer fry cook.

11. Plaintiff Yuen Yue Soohoo is a resident of Quincy, Massachusetts and was at all times material to this complaint a resident of the Commonwealth of Massachusetts. Mr. Soohoo was employed by the Restaurant from approximately May 2008 until October 2009 as a meat preparer.

12. Plaintiff Mei Zhi is a resident of San Francisco, California and was at all times material to this complaint a resident of the Commonwealth of Massachusetts. Mr. Zhi was employed by the Restaurant from approximately February 2009 until July 2009 as a cook.

13. Defendant Chinatown Restaurant Corporation is a domestic, for-profit corporation organized under the laws of Massachusetts with its principal place of business located in Brockton, Massachusetts.

14. Defendant Joyce P.Y. Hayes is a resident of Randolph, Massachusetts and was at all times material to this complaint a resident of the Commonwealth of Massachusetts. She is the President and Treasurer of the Restaurant and maintains an office at the Restaurant located in Brockton, Massachusetts.

15. The Restaurant was an enterprise engaged in interstate commerce under the FLSA and its regulations. Defendants employed employees in interstate commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for interstate commerce, all during the relevant time period.

16. Defendants maintained annual gross sales of at least $500,000 during the relevant time period.

17. Defendants regularly transacted business in this district during the relevant time period.

18. As a result, Defendants were required to compensate Plaintiffs in accordance with the requirements imposed on employers by the FLSA.

## IV. FACTS

### Jin-Ming Lin

19. From on or about May 10, 2008 until February 7, 2009, the Restaurant employed Mr. Lin to be its driver on a full-time basis. Mr. Lin drove other Restaurant employees to and from work in the mornings and in the evenings after the Restaurant closed. During the day, he delivered food to Restaurant customers.

20. At the start of Mr. Lin's employment, Defendants promised to pay him $12.00 per hour for all hours that he worked.

21. During the time of his employment, Mr. Lin worked 80 hours per week.

22. However, the bi-weekly pay that he received consistently fell far short of the pay that he had been promised for the hours that he had worked.

23. Rather than paying Mr. Lin the 160 hours that he worked during the two week period, on average, the Restaurant paid him only 52 hours. On one occasion he was paid a mere 10 hours with the promise that it would be made up to him on a future date.

24. As a result of the nonpayment of wages, Mr. Lin consistently received less than the Massachusetts minimum wage of $8.00 per hour.

25. Mr. Lin did not receive time-and-a-half his regular rate of pay for hours he worked in excess of forty hours per week.

26. When Mr. Lin learned that he was entitled to payment for unpaid wages and overtime, he complained to Defendant Joyce P.Y. Hayes, the President, Treasurer and manager of the Restaurant. He made a demand that his wages and overtime be paid.

27. Defendant Hayes refused to pay the wages and overtime owed and terminated Mr. Lin's employment with the Restaurant.

**Chi-Wai Chao**

28. From on or about August 21, 2008 until February 3, 2009, the Restaurant employed Mr. Chao as the front desk person on a full-time basis. His duties included taking orders from customers by phone or in person, handling prepared food and attending to cashiering duties.

29. At the start of Mr. Chao's employment, Defendants promised to pay him $10.00 per hour for all hours that he worked.

30. During the time of his employment, Mr. Chao worked 66 hours per week.

31. However, the bi-weekly pay that he received consistently fell far short of the pay that he had been promised for the hours that he had worked.

32. Rather than paying Mr. Chao the 132 hours that he worked during the two week period, on average, the Restaurant paid him only 50 hours.

33. As a result of the nonpayment of wages, Mr. Chao consistently received less than the Massachusetts minimum wage of $8.00 per hour.

34. Mr. Chao did not receive time-and-a-half his regular rate of pay for hours he worked in excess of forty hours per week.

35. When Mr. Chao learned that he was entitled to payment for unpaid wages and overtime, he complained to Defendant Hayes and made a demand that his wages and overtime be paid.

36. Defendant Hayes refused to pay the wages and overtime owed and told Mr. Chao that he was terminated.

**Yook Thai Cheah**

37. From on or about November 2, 2008 until about April 2009, the Restaurant employed Ms. Cheah to be its person in charge of take-out orders on a full-time basis. Since April 2009 until her termination on or about January 15, 2011, in addition to the take-out orders, Ms. Cheah

also worked at the front desk taking phone orders, tending to the cash register, bartending and acting as hostess.

38. At the start of Ms. Cheah's employment, Defendants promised to pay her $9.00 per hour for all hours that she worked.

39. During the time of her employment, Ms. Cheah worked 66 hours per week.

40. However, the bi-weekly pay that she received consistently fell far short of the pay that she had been promised for the hours that she had worked.

41. Rather than paying Ms. Cheah the 132 hours that she worked during the two week period, on average, the Restaurant paid her only 60 hours.

42. As a result of the nonpayment of wages, Ms. Cheah consistently received less than minimum wage.

43. Ms. Cheah did not receive time-and-a-half his regular rate of pay for hours she worked in excess of forty hours per week.

44. When Ms. Cheah complained to Defendant Hayes that the Restaurant was not properly reporting her taxes based on the actual hours worked, Defendant Hayes fired Ms. Cheah.

45. Pursuant to 29 U.S.C. §216(b), Ms. Cheah timely filed her notice of consent to be a party plaintiff in this case.

**Ming F. Fung**

46. Mr. Fung started working at the Hong Kong Restaurant which is now known as the Chinatown Restaurant in Brockton in about September 2001 as the person in charge of making appetizers which included marinating, prepping, assembling and deep frying appetizers.

47. When Defendant Hayes took over as owner of the Restaurant, Mr. Fung continued to work there until about July or August 2008.

48. Defendants promised to pay him $12.00 per hour for all hours that he worked.

6

49. During the time of his employment, Mr. Fung worked 66 hours per week.

50. However, the bi-weekly pay that he received consistently fell far short of the pay that he had been promised for the hours that he had worked.

51. Rather than paying Mr. Fung the 132 hours that he worked during the two week period, the Restaurant paid him only 20-60 hours.

52. As a result of the nonpayment of wages, Mr. Fung consistently received less than minimum wage.

53. Mr. Fung did not receive time-and-a-half his regular rate of pay for hours he worked in excess of forty hours per week.

54. Pursuant to 29 U.S.C. §216(b), Mr. Fung timely filed his notice of consent to be a party plaintiff in this case.

**Muoi Giang**

55. From about June or July 2010 until February 2012, the Restaurant employed Mr. Giang as an appetizer fry cook on a full-time basis.

56. At the start of Mr. Giang's employment, Defendants promised to pay him $9.00 per hour for all hours that he worked.

57. During the time of his employment, Mr. Giang worked 67 hours per week.

58. However, the bi-weekly pay that he received consistently fell far short of the pay that he had been promised for the hours that he had worked.

59. Rather than paying Mr. Giang the 134 hours that he worked during the two week period, on average, the Restaurant paid him only 70 hours.

60. As a result of the nonpayment of wages, Mr. Giang consistently received less than minimum wage.

61. Mr. Giang did not receive time-and-a-half his regular rate of pay for hours he worked in excess of forty hours per week.

62. In late January 2012, Mr. Giang learned of this present action when he received a notice of the lawsuit in the mail.

63. Two days after receiving the notice, Defendant Hayes asked Mr. Giang whether he had received anything in the mail regarding a lawsuit against her and the restaurant. When Mr. Giang told her that he did, she told Mr. Giang to hand it over to her. When Mr. Giang did not give it to her, Defendant Hayes made working conditions difficult for him.

64. Due to pressure and stress caused by Defendant Hayes, Mr. Giang took a couple of days off. Before he could return to work, Defendants hired an employee to replace Mr. Giang and told Mr. Giang that he was no longer needed at the Restaurant.

65. Pursuant to 29 U.S.C. §216(b), Mr. Giang timely filed his notice of consent to be a party plaintiff in this case.

**Yuen Yue Soohoo**

66. Mr. Soohoo was employed at the Chinatown Restaurant since approximately February of 1998 when the restaurant was then owned by William Wong. Mr. Soohoo started as a dishwasher and was in that position for over one year.

67. From 1999 to 2008, Mr. Soohoo was a meat preparer. He lugged hundreds of pounds of rice and meat weekly. He prepared the rice by washing it and drying it. He prepared the meat by cutting the pieces into small squares, grinding the meat, and marinating the meat.

68. In May 2008, Defendant Hayes took over the restaurant. Mr. Soohoo continued to do meat prep until he stopped working at the Restaurant in about October 2009.

69. Defendants promised to pay Mr. Soohoo $10.00 per hour for all hours that he worked.

70. During the time of his employment, Mr. Soohoo worked 66 hours per week.

71. However, the bi-weekly pay that he received consistently fell far short of the pay that he had been promised for the hours that he had worked.

72. Rather than paying Mr. Soohoo the 132 hours that he worked during the two week period, on average, the Restaurant paid him only 50 hours.

73. As a result of the nonpayment of wages, Mr. Soohoo consistently received less than minimum wage.

74. Mr. Soohoo did not receive time-and-a-half his regular rate of pay for hours he worked in excess of forty hours per week.

75. In October 2009, Defendant Hayes told Mr. Soohoo that, due to slowdown in business, his work days needed to be cut from six days to four days a week.

76. Mr. Soohoo left for different employment.

77. Pursuant to 29 U.S.C. §216(b), Mr. Soohoo timely filed his notice of consent to be a party plaintiff in this case.

**Mei Zhi**

78. From on or about February 8, 2009 until July 25, 2009, the Restaurant employed Mr. Zhi as a full-time cook.

79. At the start of Mr. Zhi's employment, Defendants promised to pay him $15.00 per hour for all hours that he worked.

80. During the time of his employment, Mr. Zhi worked 66 hours per week.

81. However, the bi-weekly pay that he received consistently fell far short of the pay that he had been promised for the hours that he had worked.

82. Rather than paying Mr. Zhi the 132 hours that he worked during the two week period, the Restaurant paid him only 60-80 hours. On one pay period, Defendants paid him only 30 hours.

83. As a result of the nonpayment of wages, Mr. Zhi consistently received less than minimum wage.

84. Mr. Zhi did not receive time-and-a-half his regular rate of pay for hours he worked in excess of forty hours per week.

85. Pursuant to 29 U.S.C. §216(b), Mr. Zhi timely filed his notice of consent to be a party plaintiff in this case.

**Exhaustion of Administrative Remedies**

86. Pursuant to the state law requirements as set forth in Massachusetts General Laws Chapter 149 §150, Plaintiffs have filed their statutory claims with the Office of the Attorney General and have received a right to sue letter in order to proceed on their claims in court.

**COUNT I:    Fair Labor Standards Act**

87. The above paragraphs are incorporated by reference.

88. The Fair Labor Standards Act, 29 U.S.C. §207 provides that employers who employ employees for a workweek of more than forty hours shall compensate those employees for hours in excess of forty hours per week at the rate of time-and-a-half their regular hourly rate.

89. The Restaurant regularly employed the Plaintiffs for workweeks in excess of forty hours per week, but willfully failed to compensate them for hours in excess of forty hours per week at the rate of time-and-a-half their regular hourly rate.

90. The Defendants' repeated, willful and intentional failure to pay overtime compensation to its employees violated the federal Fair Labor Standards Act, 29 U.S.C. §§201 et seq.

91. As a result of these violations, Plaintiffs were damaged.

**PRAYER FOR RELIEF**

WHEREFORE, the plaintiffs request that this Court:

1.  Award owed wages;

2. Award liquidated damages under the FLSA;

3. Award such pre-judgment and post-judgment interest as may be allowed by law;

4. Award the costs of this action, including reasonable attorney's fees; and

5. Award such other and further relief as this Court may deem necessary and appropriate.

**JURY DEMAND**

A jury trial is hereby demanded.

**RESPECTFULLY SUBMITTED,**
Plaintiffs,
By their attorneys,


 /s/ Myong J. Joun
Myong J. Joun
BBO No. 645099
Joun Law Office
491 Massachusetts Ave., Suite 208
Arlington, Massachusetts 02474
Tel.: (617) 304-6186
Fax: (866) 551-4983
Email: mjoun@massrights.com



 /s/ Jeffrey Wiesner
Jeffrey Wiesner
BBO No. 655814
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
Tel.: (617) 742-5800
Fax: (617) 742-5858
Email: jwiesner@sswg.com

Dated: September 25, 2012