UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JIN MING LIN, CHI WAI CHAO, YOOK THAI CHEAH, MING F. FUNG, MUOI GIANG, YUEN YUE SOOHOO, and MEI ZHI, <br><br> Plaintiffs, <br> v. <br><br> CHINATOWN RESTAURANT CORP., and JOYCE P.Y. HAYES, <br><br> Defendants. | Civil Action No. 09-11510-GAO |

## JOINT PRETRIAL MEMORANDUM

### I.  SUMMARY OF THE EVIDENCE

#### A.  Plaintiff's Anticipated Evidence

##### a.  Liability

The evidence will show that plaintiffs were employed by defendants at the Chinatown Restaurant in Brockton. The restaurant was open seven days a week for 10 to 11 hours a day. Most of the employees lived in or near Boston and had no transportation to go to work in Brockton. Therefore, the Restaurant operated a company van that picked up employees in the morning from Boston's Chinatown and drove them to the restaurant in Brockton. When the restaurant closed in the evening, the van drove the employees and dropped them off in Boston. All of the plaintiffs worked six days a week with one day off.

Each of the plaintiffs worked between 66-80 hours per week. Plaintiffs were paid bi-weekly, once every two weeks. Instead of the 132-160 hours that plaintiffs actually worked,

1

defendants consistently paid them far less than those hours. Specifically, with regard to each plaintiff, the evidence will show the following:

1. Jin Ming Lin was employed by the Restaurant from approximately May 2008 until February 2009 as a driver. Mr. Lin drove other Restaurant employees to and from work in the mornings and in the evenings after the Restaurant closed. During the day, he delivered food to Restaurant customers. During the time of his employment, Mr. Lin worked 80 hours per week. However, the bi-weekly pay that he received consistently fell far short of the pay for the hours that he had worked. Rather than paying Mr. Lin the 160 hours that he worked during the two week period, on average, the Restaurant paid him only 52 hours. On one occasion he was paid a mere 10 hours with the promise that it would be made up to him on a future date.

2. Chi Wai Chao was employed by the Restaurant from approximately August 2008 until February 2009 as a front desk person. His duties included taking orders from customers by phone or in person, handling prepared food and attending to cashiering duties. During the time of his employment, Mr. Chao worked 66 hours per week. However, the bi-weekly pay that he received consistently fell far short of the pay for the hours that he had worked. Rather than paying Mr. Chao the 132 hours that he worked during the two week period, on average, the Restaurant paid him only 50 hours.

3. Yook Thai Cheah was employed by the Restaurant from approximately November 2008 until January 2011 as a front desk person. She had to package the take-out orders, bartend, clean and prep the bar area, act as a hostess, tend to the cash register, and take orders over the phone. Occasionally, she also opened and closed the restaurant, tallied the supplies that came in, signed for alcohol deliveries and at times also delivered food to customers. From November 2008 until April 2009, Ms. Cheah consistently worked 66 hours per week. Beginning in May 2009 until her termination in January 2011, Ms. Cheah worked 55 hours per week. However, the bi-weekly pay that she received consistently fell far short of the pay for the hours that she had worked. Rather than paying Ms. Cheah the 110-132 hours that she worked during the two week period, the Restaurant paid her only 50-60 hours.

4. Ming F. Fung was employed by the Restaurant from approximately May 2008 until August 2008 as an appetizer cook. He was in charge of making appetizers which included marinating, prepping, assembling and deep frying appetizers. He was also responsible for washing and maintaining the deep fryer. During the time of his employment, Mr. Fung worked 66 hours per week. However, the bi-weekly pay that he received consistently fell far short of the pay for the hours that he had worked. Rather than paying Mr. Fung the 132 hours that he worked during the two week period, the Restaurant paid him only 20-40 hours with the exception of one pay period when he was paid for 60 hours.

5. Muoi Giang was employed by the Restaurant from approximately July 2010 until February 2012 as an appetizer fry cook. During the time of his employment, Mr. Giang worked 67 hours per week. However, the bi-weekly pay that he received consistently fell

far short of the pay for the hours that he had worked. Rather than paying Mr. Giang the 134 hours that he worked during the two week period, on average, the Restaurant paid him only 70 hours.

6. Yuen Yue Soohoo was employed by the Restaurant from approximately May 2008 until October 2009 as a meat preparer. He lugged hundreds of pounds of rice and meat weekly. He prepared the rice by washing it and drying it. He prepared the meat by cutting the pieces into small squares, grinding the meat, and marinating the meat. He was also told to do various side work such as cleaning, mopping the floor, wiping down the counters, taking out the trash, and washing dishes. Mr. Soohoo did whatever he was told to do. During the time of his employment, Mr. Soohoo worked 66 hours per week. However, the bi-weekly pay that he received consistently fell far short of the pay for the hours that he had worked. Rather than paying Mr. Soohoo the 132 hours that he worked during the two week period, the Restaurant paid him, on average, only 50 hours.

7. Mei Zhi was employed by the Restaurant from approximately February 2009 until July 2009 as a cook. During the time of his employment, Mr. Zhi worked 66 hours per week. However, the bi-weekly pay that he received consistently fell far short of the pay for the hours that he had worked. Rather than paying Mr. Zhi the 132 hours that he worked during the two week period, the Restaurant paid him only 60-70 hours. On one occasion, he was only paid 30 hours.

   b. **Damages**

Evidence will show that the plaintiffs are owed the following amounts in unpaid wages:

| Plaintiff | Total Wages Owed |
|---|---|
| Jin-Ming Lin | $35,640.00 |
| Chi-Wai Chao | $15,160.00 |
| Yook Thai Cheah | $38,169.00 |
| Ming F. Fung | $12,264.00 |
| Muoi Giang | $35,217.00 |
| Yuen Yue Soohoo | $41,540.00 |
| Mei Zhi | $15,990.00 |
| TOTAL | $193,980.00 |

B. **Defendants' Anticipated Evidence**

   a. **Liability**

None of the plaintiffs worked in excess of forty hours per week and all of them received their agreed-on wages for the hours actually worked. As to the individuals, Defendants expect to present the following evidence:

1. LIN: He used a company-owned car to pick up employees in the Chinatown neighborhood of Boston and drive them to Defendants' restaurant in Brockton. He then picked them up at the restaurant at the close of business and drove them back to Boston. He kept his own car in the restaurant's parking lot and was gone between drop-off and pick-up. If he ever made any deliveries, it was only on rare occasions, and on those occasions he received and kept tips which would have counted towards his wages. He generally worked, at most, 18 hours per week but was paid for 30 hours per week. While employed by CRC, he never complained about unpaid wages.

2. CHAO: He worked as a counterman and usually drove his own car to work. His work week was 28 hours, four days a week, for which he was fully paid. He worked for 27 weeks and quit after Defendant Hayes spoke to him about cash missing from the register. While employed by CRC, he never complained about unpaid wages.

3. FUNG: He worked as an appetizer chef, 2-3 days per week for 13 weeks (at most) and was fully compensated for his work. While employed by CRC, he never complained about unpaid wages.

4. GIANG: He worked as an appetizer chef 40 hours per week for about 80 weeks. He left after an argument with head chef. He was fully paid for work. He attempted to collect unemployment benefits after leaving, but the Massachusetts Department of Employment Security found that he left voluntarily without good cause. He lived in Brockton and drove his own car to and from work. While employed by CRC, he never complained about unpaid wages.

5. CHEAH: She worked as a counterperson 28 hours per week for about 80 weeks and was fully compensated. While employed by CRC, she never complained about unpaid wages.

6. SOOHOO: He worked as a preparation person in the kitchen and usually came to and left in the company car. He worked 40 hours per week for about 74 weeks and was fully paid for his work. While employed by CRC, he never complained about unpaid wages.

7. ZHI: He worked as a chef and usually came to and left work in the company car. He worked 40 hours per week for about 74 weeks and was fully paid for his work. While employed by CRC, he never complained about unpaid wages.

   b. **Damages**

Defendants obviously challenge Plaintiffs' calculations of damages; in fact none of them are entitled to any.

## II. FACTS ESTABLISHED BY PLEADINGS, ADMISSIONS, OR STIPULATIONS

### A. The parties agree that the following facts are established:

1. Defendant Chinatown Restaurant Corporation is a domestic, for-profit corporation organized under the laws of Massachusetts with its principal place of business located in Brockton, Massachusetts.

2. During all relevant time periods, Defendant Joyce P.Y. Hayes was an owner, president and treasurer of Chinatown Restaurant and maintained an office at the restaurant located in Brockton, Massachusetts.

3. During all relevant time periods, Chinatown Restaurant was open seven days a week.

4. Some of the employees lived in or near Boston and had no transportation to go to work in Brockton.

5. The Restaurant owned and operated a company van that picked up employees in the morning from Boston's Chinatown and drove them to the restaurant in Brockton.

6. When the restaurant closed in the evening, the company van drove the employees and dropped them off in Boston.

7. Defendants paid employees every two weeks on a bi-weekly basis.

8. Jin Ming Lin was employed by the Restaurant until February 2009 as a driver.

9. Chi Wai Chao was employed by the Restaurant from approximately July 2008 until February 2009 as a front desk person.

10. Yook Thai Cheah was employed by the Restaurant from approximately November 2008 until January 2011 as a front desk person.

11. Ming F. Fung was employed by the Restaurant from approximately May 2008 until August 2008 as an appetizer cook.

12. Muoi Giang was employed by the Restaurant from approximately July 2010 until February 2012 as an appetizer fry cook.

13. Yuen Yue Soohoo was employed by the Restaurant from approximately May 2008 until October 2009 as a meat preparer.

14. Mei Zhi was employed by the Restaurant from approximately February 2009 until July 2009 as a cook.

### III. CONTESTED ISSUES OF FACT

1. Did Jin Ming Lin start his employment at the Restaurant in May 2008 or July 2008?

2. How many hours did each of the plaintiffs work?

3. Was the violation willful?

### IV. JURISDICTIONAL QUESTIONS

There are no jurisdictional issues.

### V. QUESTIONS RAISED BY PENDING MOTIONS

There are no currently pending motions. However, defendants have not yet filed an Answer to the First Amended Complaint.

### VI. ISSUES OF LAW

#### A. Agreed Legal Issues

None at this time. The parties will continue their efforts to narrow the issues at trial.

#### B. Contested Legal Issues

None at this time. The parties will continue their efforts to narrow the issues at trial.

#### C. Motions in Limine

The parties will file their respective motions in limine according to a schedule set by this Court.

## VII. REQUESTED AMENDMENTS TO THE PLEADINGS

None.

## VIII. ADDITIONAL MATTERS TO AID IN DISPOSITION OF THIS ACTION

The parties will need a court interpreter for the Mandarin language.

## IX. PROBABLE LENGTH OF TRIAL

The trial by a jury is expected to take ten trial days.

## X. NAMES AND ADDRESSES OF WITNESSES

For convenience, the witnesses are listed by the party who is expected to call the witness. The parties reserve the right to call any listed witness. This list does not include any witnesses who will be called only as rebuttal witnesses. The parties will not be calling any expert witnesses.

### A. Plaintiff's Factual Witnesses

1. Plaintiff Jin Ming Lin
2. Plaintiff Chi Wai Chao
3. Plaintiff Yook Thai Cheah
4. Plaintiff Ming F. Fung
5. Plaintiff Muoi Giang
6. Plaintiff Yuen Yue Soohoo
7. Plaintiff Mei Zhi
8. Man Lau
9. Jian Wu
10. Bao Li
11. Keeper of Records, ADP Payroll Service

B. **Defendants' Factual Witnesses**

   1. Joyce E.P. Hayes

   2. Wai Kwong Lee

   3. Hoi Fan Chan

XI. **PROPOSED EXHIBITS**

   A. **Agreed Upon Exhibits**

   1. Defendants' records relating to employee payroll.

   2. Chinatown Restaurant Corporation stock certificate.

   B. **Contested Exhibits**

   None at this time; however, if the parties are unable to agree on any exhibit proposed by a party, these will be identified and marked as such prior to trial.

XII. **APPENDIX WITH PROPOSED JURY INSTRUCTIONS**

   Each party will separately file proposed jury instructions.

XIII. **PROPOSED VOIR DIRE OF THE JURY PANEL AND PROPOSED SPECIAL VERDICT FORMS**

   Each party will separately file proposed voir dire and proposed special verdict forms.

RESPECTFULLY SUBMITTED,
**For Plaintiffs**
By their attorneys,

 /s/ Myong J. Joun                
Myong J. Joun
BBO No. 645099
Joun Law Office
491 Massachusetts Ave., Suite 208
Arlington, Massachusetts 02474
Tel.: (617) 304-6186
Fax: (866) 551-4983
Email: mjoun@massrights.com

 /s/ Jeffrey Wiesner                
Jeffrey Wiesner
BBO No. 655814
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
Tel.: (617) 742-5800
Fax: (617) 742-5858
Email: jwiesner@sswg.com

**For Defendant Chinatown Restaurant Corp.**,
By their attorney,

 /s/ David Berman                
David Berman
BBO No. 040060
100 George P. Hassett Drive
Medford, MA 02155-3297
Tel: (781) 395-7520
Fax: (781) 395-9658
davidberman2@verizon.net

**For Defendant Joyce P.Y. Hayes**,
By her attorney,

 /s/ Lawrence M. Siskind                
Lawrence M. Siskind
BBO No. 465180
Siskind & Siskind
360 Belmont Street
Brockton, MA 02301
Tel.: (508) 588-5015
Fax: (508) 588-5019
lawrence@siskindlaw.com

Dated: October 10, 2012

**CERTIFICATE OF SERVICE**

I certify that on this day I caused a true copy of the above document to be served upon the attorney of record for all parties via CM/ECF.

Date: 10/10/2012    /s/Myong J. Joun
                          Myong J. Joun