UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JIN MING LIN, CHI WAI CHAO, YOOK THAI CHEAH, MING F. FUNG, MUOI GIANG, YUEN YUE SOOHOO, and MEI ZHI, | ) ) ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No. 09-11510-GAO |
| v. | ) ) | |
| CHINATOWN RESTAURANT CORP., and JOYCE P.Y. HAYES, | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' MOTION IN LIMINE**
**TO PRECLUDE PLAINTIFFS' FAILURE TO COMPLAIN**

Defendants may seek to adduce evidence that Plaintiffs or other employees at the Restaurant failed to complaint to Defendant Hayes or others that they were not being paid for all of their hours worked or that they were not being paid for overtime hours.

Plaintiffs move this Honorable Court to preclude Defendants from introducing such evidence. Unlike certain claims requiring an employee to exhaust administrative or internal remedies prior to filing suit, an internal complaint to management is not a prerequisite to an FLSA claim. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 740 (1981) ("No exhaustion requirement or other procedural barriers are set up" under the FLSA). Consequently, such evidence should be excluded as irrelevant and unduly prejudicial. There are a multitude of collateral reasons why Plaintiffs or other employees might not have complained about the underpayment or nonpayment of wages. The workers are not lawyers, so they may have not known what the laws were on wages. They may have been fearful of being let go from the job.

Whatever the reason, evidence concerning the lack of complaints is irrelevant under F.R.E. 401 and should be excluded under F.R.E. 402.

Additionally, evidence concerning Plaintiffs' or other employees' failure to complain is unduly prejudicial and is likely to confuse the issues before a jury. A juror may attach undue significance to the lack of a complaint even though federal and state laws do not require a worker to have complained at all. Given the potential for prejudice and confusion and the lack of relevance of this evidence, the Court should preclude defendants from making any references to any lack of complaints by Plaintiffs and other workers under F.R.E. 401-403.

RESPECTFULLY SUBMITTED,

**For Plaintiffs**
By their attorneys,

 /s/ Myong J. Joun
Myong J. Joun
BBO No. 645099
Joun Law Office
491 Massachusetts Ave., Suite 208
Arlington, Massachusetts 02474
Tel.: (617) 304-6186
Fax: (866) 551-4983
Email: mjoun@massrights.com

 /s/ Jeffrey Wiesner
Jeffrey Wiesner
BBO No. 655814
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
Tel.: (617) 742-5800
Fax: (617) 742-5858
Email: jwiesner@sswg.com

Dated: October 19, 2012

**CERTIFICATE OF SERVICE**

I certify that on this day I caused a true copy of the above document to be served upon the attorney of record for all parties via CM/ECF.

Date: 10/19/2012    /s/Myong J. Joun
                Myong J. Joun

2