**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| _____ ) | |
| JIN MING LIN, CHI WAI CHAO, ) | |
| YOOK THAI CHEAH, MING F. FUNG, ) | |
| MUOI GIANG, YUEN YUE SOOHOO, ) | |
| and MEI ZHI, ) | |
| ) | |
|       Plaintiffs, ) | Civil Action No. 09-11510-GAO |
| v. ) | |
| ) | |
| CHINATOWN RESTAURANT CORP., ) | |
| and JOYCE P.Y. HAYES, ) | |
| ) | |
|       Defendants. ) | |
| _____ ) | |

# PLAINTIFFS' PROPOSED JURY INSTRUCTIONS

Pursuant to Fed. R. Civ. P. 51, plaintiff requests that the Court instruct the jury on the law as set forth in the following separately numbered proposed jury instructions. These are not intended as a complete set of instructions but rather to propose text for only the most important instructions. Plaintiff reserves the right to offer additional jury instructions after reviewing the instructions proposed by the Defendants as may be permitted by the Court.

RESPECTFULLY SUBMITTED,
For Plaintiffs
By their attorneys,


 /s/ Myong J. Joun
Myong J. Joun
BBO No. 645099
Joun Law Office
491 Massachusetts Ave., Suite 208
Arlington, Massachusetts 02474
Tel.: (617) 304-6186
Fax: (866) 551-4983
Email: mjoun@massrights.com


 /s/ Jeffrey Wiesner
Jeffrey Wiesner
BBO No. 655814
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
Tel.: (617) 742-5800
Fax: (617) 742-5858
Email: jwiesner@sswg.com


Dated: October 21, 2012

**CERTIFICATE OF SERVICE**

I certify that on this day I caused a true
copy of the above document to be served
upon the attorney of record for all parties
via CM/ECF.


Date: 10/21/2012  /s/Myong J. Joun
                  Myong J. Joun

# INDEX OF PLAINTIFFS' REQUESTED INSTRUCTIONS

1.  **Statement of Claim**

2.  **Burden of Proof**

3.  **Reasonable Inferences**

4.  **Credibility of Witnesses**

5.  **Impeachment of Witnesses**

6.  **Court Interpreters and Testimony**

7.  **Stipulation of Facts**

8.  **"Work" Defined Under the FLSA**

9.  **"Meal Periods" Defined Under the FLSA**

10. **Establishing A Claim for Overtime Pay Under the FLSA**

11. **The Employer's Obligation to Keep Payroll Records Under the FLSA**

12. **Non-Waivable Right to Overtime Pay**

13. **Damages**

14. **Calculating the Overtime Rate of Pay**

15. **Willful Violation of the FLSA**

**INSTRUCTION NO. 1**
**(Statement of Claim)**


Plaintiff employees of the Defendant Chinatown Restaurant Corporation claim that the defendant restaurant and its owner, president, treasurer and manager, Defendant Joyce Hayes violated the FLSA by not paying them all the wages due, including overtime pay, for all of their hours worked.

**INSTRUCTION NO. 2**
**(Burden of Proof)**

The Plaintiffs bear the initial burden of proof to show that Defendants violated the FLSA. To do so, they must show by a preponderance of the evidence that Defendants violated the FLSA by failing to adequately compensate Plaintiffs when required by law to do so.

To "establish by the preponderance of the evidence" means to prove that something is more likely than not. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared to that opposed to it, has more convincing force and produces in your mind a belief that what is sought to be proved is more likely true than not. To say it differently, If you put the evidence favorable to Plaintiffs and evidence favorable to Defendants on opposite sides of the scales, Plaintiffs' evidence must make the scales tip somewhat on their side.

**INSTRUCTION NO. 3**
**(Reasonable Inferences)**

You may draw reasonable inferences from the evidence which you feel are justified in light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts established by the evidence.

# INSTRUCTION NO. 4

## (Credibility of Witnesses)

In deciding the facts of this case, you may have to decide which testimony to believe and which testimony not to believe. It is solely for you, the jury, to determine the credibility of a witness's testimony. Credibility means the believability of a witness's testimony. You may believe everything a witness says, or part of it, or none of it.

In making that decision, you may take into account:

1. The opportunity and ability of the witness to see or hear or know the thing testified to;

2. The witness's memory;

3. The witness's manner while testifying;

4. The witness's interest in the outcome of the case and any bias or prejudice he or she may have;

5. Whether other evidence contradicted the witness's testimony;

6. The reasonableness of the witness's testimony in light of all the evidence in the case;

7. Whether the witness recalled events differently at trial than he or she did at an earlier time; and

8. Any other factors that bear on believability.

You may consider inconsistencies or differences as you weigh evidence, but you do not have to discredit testimony merely because there are inconsistencies or differences in the testimony of a witness, or between the testimony of different witnesses. Two or more persons witnessing an incident or a transaction may see or hear it differently. An innocent misrecollection or failure of recollection, is not an uncommon experience. In weighing the effect

of any inconsistency or difference, consider whether it concerns a matter of importance or an unimportant detail, and whether it results from innocent error or intentional falsehood.

You are not required to accept testimony, even if it is uncontradicted. You may decide, because of the witness's bearing and demeanor, or because of inherent improbability, or for other reasons sufficient to you, that some testimony is not worthy of belief. The mere number of witnesses or length of the testimony or amount of exhibits has no bearing on the weight you give to evidence. Weight does not mean the amount of the evidence. Weight means your judgment about the credibility and importance of the evidence.

# INSTRUCTION NO. 5

## (Impeachment of Witnesses)

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact, or only an unimportant detail.

**INSTRUCTION NO. 6**

**(Court Interpreters and Testimony)**


During this case, you heard testimony of witnesses who testified in a Chinese language. The evidence you are to consider is only that provided through the official court interpreters. Although some of you may know the language used, it is important that all jurors consider the same evidence. So you must base your decision on the evidence presented in the English interpretation. You must disregard any different meaning. Testimony heard through an interpreter is entitled to the same consideration as any other testimony.

**INSTRUCTION NO. 7**

**(Stipulation of Facts)**

During this trial you heard evidence presented to you by stipulation. This means the parties have agreed to such facts, and you must consider them as true.

These facts are:

1. Defendant Chinatown Restaurant Corporation is a domestic, for-profit corporation organized under the laws of Massachusetts with its principal place of business located in the Cardinale Plaza at 51 Oak Street Ext., Brockton, Massachusetts.

2. Defendant Joyce P.Y. Hayes was an owner, president and treasurer of Chinatown Restaurant and maintained an office at the restaurant located in Brockton, Massachusetts.

3. Defendant Joyce P.Y. Hayes has been the General Manager of the Chinatown Restaurant since May 2008 responsible for the supervision and management of the Restaurant. Defendant Hayes reported to no one.

4. Defendant Joyce P.Y. Hayes was solely responsible for all hiring and firing of employees.

5. Defendant Joyce P.Y. Hayes was solely responsible for employee compensation.

6. Defendant Chinatown Restaurant Corporation was an enterprise engaged in interstate commerce under the FLSA and its regulations. Defendants employed employees in interstate commerce, including employees handling, selling or otherwise working on goods or materials that have been moved in or produced for interstate commerce, all during the relevant time period.

7. Defendants regularly transacted business in this district during the relevant time period.

8. During all relevant time periods, Chinatown Restaurant was open seven days a week.

9. The posted hours on which Chinatown Restaurant was open for business were as follows:

| | |
|---|---|
| Monday to Thursday | 11:30 am – 10:00 pm |
| Friday & Saturday | 11:30 am – 10:30 pm |
| Sunday | 12 noon – 10:00 pm |

10. Some of the employees lived in or near Boston and had no transportation to go to work in Brockton.

11. The Restaurant owned and operated a company van that picked up employees in the morning from Boston's Chinatown and drove them to the restaurant in Brockton.

12. When the restaurant closed in the evening, the company van drove employees and dropped them off in Boston.

13. Defendants paid employees every two weeks on a bi-weekly basis.

14. Plaintiff Jin Ming Lin was employed by the Restaurant from May 10, 2008 until February 7, 2009 as a driver who drove other Restaurant employees to and from work in the mornings and in the evenings after the Restaurant closed.

15. Plaintiff Chi Wai Chao was employed by the Restaurant from July 29, 2008 until February 3, 2009 as a front desk person.

16. Plaintiff Yook Thai Cheah was employed by the Restaurant from approximately November 2, 2008 until January 15, 2011 packaging take-out orders.

17. From April 2009 until the end of her employment at the Restaurant on January 15, 2011, Plaintiff Yook Thai Cheah worked at the front desk taking phone orders, processing take-out orders, tending to the cash register, bartending and acting as hostess.

18. Plaintiff Ming F. Fung was employed by the Restaurant from approximately May 4, 2008 until August 9, 2008 as an appetizer cook.

19. Plaintiff Muoi Giang was employed by the Restaurant from approximately July 11, 2010 until March 3, 2012 as an appetizer cook.

20. Plaintiff Yuen Yue Soohoo was employed by the Restaurant from approximately May 4, 2008 until October 31, 2009 as a meat preparer.

21. Plaintiff Mei Zhi was employed by the Restaurant from approximately February 8, 2009 until July 25, 2009 as a cook.

22. All plaintiffs were non-exempt employees subject to overtime.

23. Defendants have produced every document in their possession, custody and control and of their accountant's possession, custody and control regarding the payment of wages to its employees. Defendants and their accountant have conducted an intensive and exhaustive review searching for these records. If there are gaps in these records, they either were never produced by defendants or their accountant no longer has them. In most instances Defendants did not themselves store the records.

**INSTRUCTION NO. 8**

**("Work" Defined Under the FLSA)[1]**


      "Work" is defined by the Fair Labor Standards Act as physical or mental exertion (whether burdensome or not) controlled or required by the employer and pursued necessarily and primarily for the benefit of the employer and his or her business.

---

[1] *Tennessee Coal, Iron & R.Co. v. Muscoda Local No. 123,* 321 U.S. 590, 598 (1944).

**INSTRUCTION NO. 9**

**("Meal Periods" Defined Under the FLSA)[2]**

Under the Fair Labor Standards Act, true meal periods are not compensable work time. A true meal period ordinarily lasts 30 minutes or more. In contrast, short periods away from work, commonly known as break periods, are compensable work time.

To qualify as true meal periods, the employee must be relieved from duty. If the employee may be required to attend to his work duties during a meal period, he or she must be compensated for the entire meal period.

[2] *Bates v. Dept. of Corrections of the State of Kansas*, 81 F.3d 1008, 1010-11 (10th Cir. 1996); 29 C.F.R. §785.19.

**INSTRUCTION NO. 10**

**(Establishing a Claim for Overtime Pay Under the FLSA)[3]**

This case arises under the Fair Labor Standards Act, Federal Law, which provides that an employer must pay their employees overtime pay for any overtime employees have performed. So if employees work more than 40 hours in a week, the employer must pay them, their regular wage plus overtime, which amounts to their regular wage plus an additional half of their regular wage per hour of overtime. In this case, the Defendants were the employer and the Plaintiffs their employees. The Plaintiffs specifically claim that they worked overtime and that the Defendants, failed to pay them overtime.

To prevail, the Plaintiffs must prove by a preponderance of the evidence three things:

1. First, that the Fair Labor Standards Act applied to the Defendants because they were an enterprise under a unified operation or common control that employed at least two persons and was engaged in commerce and had annual gross sales of at least $500,000;

2. Second, that the Plaintiffs were employed by the Defendants during the time at issue in this case; and

3. Third, that the Plaintiffs worked overtime, but the Defendants failed to pay them for their overtime, as required by law.

The Defendants have admitted (1) and (2): that the Defendants were an enterprise and that Plaintiffs worked for the Defendants during the time at issue in this case. So Plaintiffs need only establish (3) above: that the Plaintiffs worked overtime, meaning over 40 hours in a week, and that Defendants failed to pay them for that overtime.

---

[3] *Overnight Motor Transportation Co., Inc. v. Missel*, 316 U.S. 572, 577-580 (1942); 29 U.S.C. 207(a) (2012).

# INSTRUCTION NO. 11

## (The Employer's Obligation to Keep Payroll Records Under the FLSA)[4]

Under the Fair Labor Standards Act, it is the employer's responsibility to keep accurate records of the hours worked by employees. If the employer's records of work time are inaccurate or non-existent, the employee's burden of proof is a minimal one.[5] The employee satisfies his/her burden of proof if he/she proves, through testimony or otherwise,[6] that he/she has in fact performed work for which he/she has been improperly compensated and if he/she produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. The employer cannot complain that the employee's estimates lack the exactness and precision of measurement that would be possible had the Restaurant kept records of all time worked. If the employer fails to produce such evidence, the employee may then be awarded damages even though the result be only approximate.

---

[4] *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946); 29 U.S.C. 211(c) (2012).

[5] *Secretary of Labor v. DeSisto*, 929 F.2d 789, 793 (1991).

[6] *Brock v. Seto*, 790 F.2d 1446 (1986).

**INSTRUCTION NO. 12**

**(Non-waivable Right to Overtime Pay)**[7]


An employee's right to receive overtime compensation for all hours worked over 40 hours in a week under the Fair Labor Standards Act cannot be abridged by contract or otherwise waived by the employee.

---

[7] *Barrentine v. Arkansas-Best Freight Sys., Inc.*, 450 U.S. 728 (U.S. 1981); *Bakeret.al. v. Barnard Construction Co. et.al.*, 146 F.3d 1214 (10th Cir. 1998).

**INSTRUCTION NO. 13**

**(Damages)**


The measure of damages is the difference between what the Defendants should have paid the Plaintiffs under the Fair Labor Standards Act and the amount that you find they were actually paid.

In the event that you are convinced by the evidence that the Defendants did violate the Fair Labor Standards Act, then you must determine the amount of damages the Plaintiffs have suffered. With regard to the Plaintiffs' allegations of Fair Labor Standards Act violations, you must determine the difference between what the Plaintiffs were paid and what you, as jurors, decide that Plaintiffs should have been paid. That difference is the amount of damages.

# INSTRUCTION NO. 14

## (Calculating the Overtime Rate of Pay)[8]

The Fair Labor Standards Act establishes the overtime rate as one and one-half the employee's "regular rate" of pay for the time they worked over 40 hours in any particular week. This is commonly known as time-and-a-half pay for overtime work.

The parties in this case agree that all Plaintiffs are non-exempt workers. This means that although they were paid a salary, they were entitled to overtime pay if they worked more than 40 hours during a work week.

So, how do you figure out what the "regular rate" of pay is so that you can determine what the overtime rate is?

In order to calculate the regular hourly rate for an employee who is paid a monthly salary, the monthly salary must be reduced to its work week equivalent. Here, that is easy to do since the Plaintiffs were paid every two weeks. You would simply divide the bi-weekly pay by one-half to reduce it to a work week equivalent. Once the weekly wage is arrived at, the regular hourly rate of pay is calculated by dividing the weekly wage by the number of hours that the salary was intended to compensate.

The overtime rate is normally based on this "regular rate" of pay. However, the Fair Labor Standards Act also provides that an employer must pay their employees at least the minimum wage. So if the "regular rate" you will have just calculated is lower than the minimum wage you use the minimum wage to calculate overtime pay. In Massachusetts the minimum wage is $8.00.

---

[8] *Overnight Motor Transportation Co., Inc. v. Missel*, 316 U.S. 572, 577-580 (1942); 29 U.S.C. 207(a) (2012); contra 29 C.F.R. 778.114; 29 C.F.R. 778.113; 29 U.S.C. 218 (a) (2012).

To calculate the overtime rate of pay for a particular employee for a particular week, you multiply the "regular rate" of pay by one and one-half. This number is the overtime rate of pay for that employee for that week.

**INSTRUCTION NO. 15**

**(Willful Violation of the FLSA)**[9]

If you find for the plaintiffs on the FLSA claim and award damages, you must decide whether Defendants acted "willfully." In order to prove willfulness, plaintiffs must prove by a preponderance of the evidence that Defendants knew or showed reckless disregard for whether its conduct was prohibited by the FLSA. Generally, willful means "voluntary," "deliberate," or "intentional." It does not refer to conduct that is merely negligent.

---

[9] *Reich v. Monfort, Inc.*, 144 F.3d 1329 (10th Cir. 1998).