UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JIN MING LIN, CHI WAI CHAO, YOOK THAI CHEAH, MING F. FUNG, MUOI GIANG, YUEN YUE SOOHOO, and MEI ZHI, | ) ) ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No. 09-11510-GAO |
| v. | ) ) | |
| CHINATOWN RESTAURANT CORP., and JOYCE P.Y. HAYES, | ) ) ) | |
| Defendants. | ) ) | |

**PLAINTIFFS' REPLY TO DEFENDANTS' JOINT MEMORANDUM IN PARTIAL OPPOSITION TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND COSTS**

Defendants' suggestion that Plaintiffs dragged out this litigation unnecessarily and made it more expensive by making unreasonably high settlement demands and engaging two attorneys is untrue and turns the reality of the parties' respective conduct over the past three years on its head. A response is therefore required.

Notwithstanding, Defendants have identified legitimate cuts to Plaintiffs fees that are consistent with the substantial effort Plaintiffs have already put into cutting the bill in this matter. Plaintiffs therefore agree that certain further deductions, as set out below, are appropriate.

**SETTLEMENT NEGOTIATION HISTORY**

Defendants attempt to make use of the settlement history in this case to suggest that Plaintiffs' lack of reasonableness on settlement led to protracted and unnecessary litigation. In so doing, Defendants make several significant misrepresentations to this Court. First, the initial settlement demand was $158,000 (which included attorneys' fees and costs). It was not $490,000

1

as defendants claim, see Opp. at p. 8. A second demand was made more than two years later, which took account of the increased attorneys' fees and expenses, which is now the issue before the Court.

Second, whereas plaintiffs made settlement demands which were supported by spreadsheets explaining precisely how damages were calculated for each worker, defendants made only one offer of settlement in the amount of $20,000 total without explaining whatsoever how that figure was arrived at.

Finally, most important in understanding the basis for plaintiffs' settlement demands is the fact that the demands were based upon documents that were later proved at trial to be false pay records. Defendants' records indicated substantially greater hourly rates of pay than plaintiffs actually received. Because of these false records, Defendants were never in a position to make a reasoned settlement offer since doing so would have required them to reveal that all of their business records were intentionally false. In this context, Defendants' statement that "zealous advocacy includes not only pursuing a reasonable judgment for one's clients but also pursuing a reasonable settlement of the claims," Defendants' Opp., p. 8-9, is particularly offensive.

## **PLAINTIFFS COUNSEL DID NOT DOUBLE BILL FOR TASKS**

Defendants contend that Attorney Wiesner's bill should be disregarded entirely because two lawyers were not necessary for this case. The argument is an ironic one considering that Defendants also had two lawyers. But, it is also unsound because Mr. Wiesner and Mr. Joun did not double bill for tasks. The work was divided among Plaintiffs' counsel and where there was duplication, plaintiffs exercised billing judgment by only billing for one attorney's time.[1]

---

[1] Defendants point out that plaintiffs have only billed 48 minutes for Attorney Wiesner in opposing Defendants' motion for reconsideration. Defendants twist plaintiffs' exercise of billing judgment into a misplaced argument that a second attorney for plaintiffs was not needed.

2

Defendants also challenge Plaintiffs counsel's expertise. Despite Mr. Wiesner's affidavit, Defendants attempt to misrepresent to this Court that "Mr. Wiesner's … background … seems to be almost entirely in criminal law or cases related to criminal law." This is untrue and one need look no further than the affidavits that were submitted with Plaintiffs' petition. First, the Declaration of Jeffrey Wiesner states: "I am a partner at the law firm Stern, Shapiro, Weissberg and Garin, LLP and <u>I practice a wide range of civil litigation</u> and criminal law at the trial and appellate levels." (Declaration of Jeffrey Wiesner, para., 4) (emphasis added).  Of the six "notable" cases mentioned in Mr. Wiesner's Declaration, <u>three</u> are civil.  Moreover, the Affidavit of Kevin Peters states: "I have personal knowledge of Mr. Wiesner's abilities on account of having worked closely with him as co-counsel on a <u>complex adversary action that began in the United States Bankruptcy Court of the District of Connecticut that commenced in 2008, and now involves related litigation in the United States District Court for the District of New Hampshire and the United States District Court for the District of Connecticut</u>."  (Peters Affidavit, para. 4) (Emphasis added).

Furthermore, Mr. Wiesner regularly is counsel on FLSA cases.  He was recently counsel before this Court in <u>Fernandes v. JPMorgan Chase & Co.</u>, 11-10674-GAO and is presently counsel on <u>O'Brien v. LTI, Inc</u>., 12-11522. There is nothing particularly complicated about the law of FLSA cases that "necessarily involves a steeper learning curve." (Defendants' Opp., p. 6).  As set out in Plaintiffs Petition for Fees, the complexity of this matter derived from Defendants' intractable attempt to mislead this Court and the jury in order to avoid compliance with the FLSA.

## HOURLY RATES

Defendants take Plaintiffs to task for failing to submit "a thing about the billing rates that his clients actually pay him to handle litigation."  Defendants argue in this regard, based on a

decision out of the Sixth Circuit in <u>Hadix v. Johnson</u>, 65 F.3d 532, 536 (6th Cir. 1995), that the normal billing rates of attorneys provide the best measure for determining the market rate. Defendants also concede that Mr. Joun's rate should be higher than Mr. Wiesner's rate and have proposed a rate of $150 per hour for Mr. Joun and $125 for Mr. Wiesner. Although, the law is that an attorney should receive a "reasonable rate" which is determined by the market, Mr. Wiesner submits a further affidavit with this Reply attesting to his normal rate for litigation. Clients who pay by the hour pay Mr. Wiesner $300 per hour. (Supplemental Declaration of Jeffrey Wiesner). Plaintiffs dispute that actual billing rates are the measure for a fee award, but if this Court adopts Defendants' argument, then by Defendants' own concession that Mr. Joun should be compensated higher puts his rate at $325 per hour and Mr. Wiesner's at $300 per hour.

## RESPONSE TO CHALLENGED TIME EXPENDED

**Plaintiffs Concede That The Following Specific Entries Of Time Challenged By Defendants' Should Be Deducted Entirely Or Reduced**:

1. 7.00 hours of time spent on opposing defendants' motion to dismiss William Wainwright should be deducted from the bill. See Opp. at p. 2.[2]

2. 1.00 hour of the time spent on the motion to extend time should be deducted from the bill. See Opp. at p. 10, ¶5. Although the time records were kept contemporaneous with the work performed, in hindsight, counsel for plaintiffs cannot justify the 1.5 hours billed for this work.

3. 0.40 hour of the time spent on this motion to extend time should be deducted. See Opp. at p. 11, ¶9. Although counsel had to spend time drafting a proposed amended scheduling

---

[2] Plaintiffs note that defendants are incorrect when they say that the motion to dismiss was allowed without a hearing. The Court heard oral arguments from both sides on November 2, 2009. Nevertheless, plaintiffs agree to deducting the time spent opposing Wainwright's motion to dismiss.

4

order to accompany the motion to extend, counsel for plaintiffs will not request compensation for the full 0.90 hour.

4. 3.20 hours should be compensated at the reduced rate, and not at the requested full rate, for preparing the class mailings. See Opp. at p. 11, ¶11. See, *infra*, at ¶18 for discussion.

5. 3.10 hours of time spent regarding Mr. Mei Zhi should be deducted in its entirety. See Opp. at p. 11, ¶14.[3]

6. 0.50 hour of time spent preparing for trial with Attorney Karplus should be deducted. See Opp. at p. 11, ¶17. This was an oversight. As explained in plaintiff's memorandum, plaintiffs did not bill for more than 100 hours of time spent by Attorney Karplus. See Plfs' Mem. at p. 9, n. 9.[4]

7. 1.40 hours of time spent, billed at the reduced rate, delivering a memorandum to the court should be deducted entirely. See Opp. at p.12, ¶24. Although plaintiffs' counsel had difficulty arranging a courier service to pick up the memorandum at his office in Arlington, MA for delivery to the court, plaintiffs concede that billing time to make the delivery, even at the requested reduced rate, is unreasonable and therefore will agree to deducting this time entirely.

8. 2.80 total hours spent on October 30, 2012, billed at the reduced rate, should be deducted entirely. See Opp. at p. 12, ¶25.[5]

---

[3] Defendants only identified 0.80 hours relating to Mr. Zhi and requested a deduction in that amount. However, review of the billing records by plaintiffs' counsel show a total of 3.10 hours relating to Mr. Zhi. Although plaintiffs believe that an argument can be made that time spent with a plaintiff who could not participate at trial only because he could not make arrangements to travel to Massachusetts from California, plaintiffs will agree to deduct this time.

[4] Defendants' claim that "Attorney Karplus's role is utterly unexplained" is false. Plaintiffs explained in their memorandum, and also in the Declaration of Attorney Joun, exactly the role that Attorney Karplus served in this case. However, out of billing judgment, plaintiffs did not bill for any of his time – more than 100 hours. If the Court is inclined to entertain an award of fees for his time, plaintiffs will be happy to provide an itemized listing of his time.

[5] This was due to Hurricane Sandy. Plaintiffs note that counsel did call the clerk on the morning of October 30, 2012 and the recorded message stated that this matter was on for trial on October 30, 2012. It is plaintiffs understanding

9. Defendants have identified 4.20 hours of Attorney Joun's time and 12.60 hours of Attorney Wiesner's time as "work that normally would be performed by a paralegal." See Opp. at p. 13, ¶28. Plaintiffs agree to billing these hours at the reduced rate.[6]

**However, the Following Specific Entries Of Time Challenged By Defendants' Should Be Compensated:**

10. 4.30 total hours spent meeting with clients to gather the facts in order to draft the complaint should be compensated. See Opp. at p. 9, ¶1.

11. 10.80 total hours spent drafting the complaint should be compensated. See Opp. at p. 10, ¶2. Plaintiffs brought five counts as follows:[7] (1) FLSA, (2) Massachusetts Timely Payment of Wages Act, (3) Massachusetts Minimum Wage Act, (4) Quasi-Contract, and (5) Unjust Enrichment. At the status conference on June 4, 2012, plaintiffs voluntarily dismissed Counts 2-5 in order to avoid further delay of the trial in this case.[8] All five counts of the complaint shared a common core of intertwined facts. Therefore, all time spent drafting the complaint should be compensated.

12. As indicated above in paragraph 1, time spent on opposing Wainwright's motion to dismiss should be deducted. See Opp. at p. 10, ¶3. However, the 2.60 total hours spent on research on the issue of personal liability of corporate officers should be compensated

---

that counsel for the Defendants arrived at the courthouse on October 29, 2012 only to find the court closed. Whether he billed his clients for his time, we will know if the Court orders production of defendants' counsels' billing records. See, Plaintiffs' Motion for Production of Defense Counsel's Time and Billing Records.

[6] It will be clear whether time spent on these same tasks by defense counsel was billed out at a paralegal rate or at the attorney's rate if the Court orders production of defendants' counsels' billing records.

[7] Defendants erroneously state that six claims were brought.

[8] Defendants mischaracterize the voluntary dismissals as having been done "under pressure from the court," Opp. at p. 10 ¶2, when in fact, plaintiffs chose to proceed solely with the FLSA claim to avoid various issues the defendants were raising which would have created even more protracted litigation.

because Defendant Joyce P.Y. Hayes remained in the case as a defendant and was ultimately found to be liable to plaintiffs.

13. 2.90 hours of time spent on producing automatic disclosures should be compensated. The amount of work was not "meager," as claimed by defendants. See Opp. at p. 10, ¶4. Plaintiffs' counsel had to review earnings statements and pay records of the then two named plaintiffs and provide a detailed analysis of those records to make a computation of damages as required by the rules. The initial disclosures comprised of twenty-two pages.

14. 2.50 hours of time spent on drafting the settlement demand letter should be compensated.[9] See Opp. at p. 10, ¶6. The settlement demand letter was written only after counsel for defendants specifically requested one after a telephone conference on March 11, 2010. It was an extensive conversation (.09 hours according to the billing records). In order to draft the letter, plaintiffs' counsel had to spend time to calculate the precise damage amounts for each individual plaintiff and explain the mathematical formulations used to arrive at the demand amount.

15. 11.70 hours for preparing plaintiffs' motion to compel and opposing defendants' motion to compel is not excessive and should be compensated. See Opp. at p. 10, ¶7. These cross motions, and accompanying memorandums, dealt with the issue of immigration status which was extensively litigated and ultimately resulted in a reported decision by this Court.

16. 0.30 hours to draft and file an assented motion to extend time is not excessive. See Opp. at p. 10, ¶8.

---

[9] As discussed, *infra* at ¶35, the settlement demand was for $158,000, not $490,000 as the defendants claim.

17. 6.80 total hours spent on the motion for contempt should be compensated. See Opp. at p. 11, ¶10. Plaintiffs were forced to file the motion for contempt after defendants refused to provide discovery which was ordered by the Court more than three months earlier on plaintiff's motion to compel discovery.

18. 3.20 hours of time spent on preparing class mailings should be compensated, but at the reduced rate rather than the full rate as requested. See Opp. at p. 11, ¶11. While it is true that the notice mailings were finalized in terms of preparing address labels, and drafting the various notices in two different languages, counsel spent 3.20 hours preparing the printing, stuffing and actual mailing of the notices to all putative members. As conceded above, plaintiffs agree to a reduction in the hourly rate for this task as it could have been done by a paralegal.

19. 2.50 total hours spent with the interpreter should be compensated. See Opp. at p. 11, ¶12. First, the interpreter who served in that capacity at depositions or at trial was not the same person with whom I spent time on January 27, 28 and 30, 2012; it was a gentlemen named Qi "Chris" Li.[10] Second, the recorded time spent on January 27, 28 and 30, 2012 were not related to any depositions; rather, it was spent on reviewing the case history, pleadings and class notices in order to interview putative class members after the mailings.

20. 4.80 total hours spent on researching and drafting the motion to enjoin defendants future interference and/or retaliation, to extend deadline for filing consent to sue forms, to equitably toll the FLSA statue of limitations and for sanctions (Filed Document Nos. 67-68) should be compensated. See Opp. at p. 11, ¶13. Plaintiffs had good reason to bring

---

[10] Reviewing counsel's expense records, it appears that the bill for Mr. Li's interpreter services was tagged to a different case and was not included in the submission for costs in this case. This was counsel's error and plaintiffs therefore will not amend their bill for this additional expense.

the motion. It has been the view of plaintiffs' counsel over the course of this case that defendant Hayes played a significant role in deterring employees and former employees from joining this action.

21. 3.40 total hours spent on drafting the second settlement demand should be compensated. See Opp. at p. 11, ¶15. In addition to the reasons stated in paragraph 14 above, counsel had to calculate the estimated fees and expenses to date in making the demand requested by defendants. Plaintiffs provided counsel for Defendants with the spreadsheets calculating the breakdown of the owed wages by pay period for each plaintiff.

22. A total of 4.10 hours spent drafting the Amended Complaint and the motion to amend should be compensated. See Opp. at p. 11, ¶16. Counsel initially spent 1.80 hours drafting an amended complaint after the Status Conference on June 4, 2012 and then spent another 2.30 hours (on September 19 and 25, 2012) as the case approached the trial date. The amended complaint was not "largely transposed from original complaint" as the defendants claim. Plaintiffs added factual allegations for five additional plaintiffs who were going to trial which were not included in the original complaint.

23. 6.90 total hours spent on researching and drafting the eight different motions in limine should be compensated. See Opp. at p. 12, ¶18; Filed Document Nos. 101-109. Whether assented to or denied, plaintiffs' counsel took care to identify specific potential issues to aid the court; therefore, the time spent on these motions should be compensated.

24. 1.30 hours of time spent researching the overtime rate should be compensated. See Opp. at p. 12, ¶19. The Court will recall that there was an issue raised at the final pretrial conference whether the overtime rate should be calculated from the federal minimum wage rate or the Massachusetts minimum wage rate.

25. The full 3.40 hours of time spent preparing Mr. Lee for his trial examination should be compensated. See Opp. at p. 12, ¶20. As the Court is aware, Mr. Lee was the "star witness" for the plaintiffs as he was the Assistant Manager of the Chinatown Restaurant. Because Mr. Lee had been deposed, additional time had to be carefully devoted to his deposition transcript in order to ensure maximization of his testimony at trial.[11]

26. Time spent traveling should be compensated at the reduced rate as requested. See Opp. at p. 12, ¶¶21-23. Travel to and from Quincy, Lowell and to Chinatown were to meet with the plaintiffs.

27. 2.90 total hours spent researching and drafting an opposition brief to defendants' motion to dismiss, 1.70 total hours spent opposing defendants' motion to compel further answers to interrogatories and 1.70 total hours spent preparing for and attending the motions hearing should be compensated. See Opp. at p. 12, ¶26. Plaintiffs had good reasons for opposing the motions.

28. Time spent by Attorney Wiesner was not duplicative of work done by Attorney Joun. See Opp. at p. 12, ¶27. Where there was duplication, plaintiffs did not bill for Attorney Wiesner. See, Filed Document 156-9. If Attorney Joun drafted the initial document, Attorney Wiesner reviewed and edited the document, and vice-versa. As it should be when there are co-counsel involved, the two attorneys worked jointly in drafting all documents filed in this case.[12]

---

[11] Defendants complain that "it is difficult to understand why preparation of his examination took 3.40 hours." Abraham Lincoln is attributed to have said, "Give me six hours to chop down a tree, and I will spend the first four hours sharpening the axe," and Amelia Earhart, "Preparation, I have often said, is rightly two-thirds of any venture." If defense counsel's estimation that Mr. Lee was on the stand for one hour, then 3.40 hours spent preparing for that is reasonable.

[12] Defendants' counsels' time spent drafting documents in this case may provide relevant information as to whether the time spent jointly by Attorneys Joun and Wiesner in drafting documents in this case was unreasonable.

29. Defendants have identified 2.40 hours (billed at regular rate) and 1.80 hours (billed at the reduced rate) spent by Attorney Wiesner on October 10, 212 and 5.00 hours (billed at regular rate) spent by Attorney Wiesner on October 13, 2012 as time that is "unclear" as to the nature of service. See Opp. at p. 13, ¶¶29 and 30. These were times spent conducting investigations in preparation for trial and should be compensated. It was during these investigations that plaintiffs were able to document the exact times when the Chinatown Restaurant van picked up employees from Boston's Chinatown and drove them to the restaurant in Brockton and the exact times when the van drove employees back to Boston. Some of the photographs that were introduced at trial were taken during this investigation. For these reasons, this time spent should be compensated.

30. Time spent on drafting the fee petition and the supporting documents should be compensated at the reduced rate as requested. See Opp. at p. 13, ¶31. Without any support or comparative data, defendants claim that the time spent on these tasks was "excessive." Plaintiffs have filed a Motion for Production of Defense Counsel's Time and Billing Records. These records should inform the parties as well as this Court whether the time billed for these tasks are in fact "excessive."

**EXPENSES**

31. Defendants erroneously claim that the request for costs is "undocumented." Plaintiffs refer the Court to Filed Document No. 156-14 for an itemized list of expenses.

**CONCLUSION**

In plaintiffs' motion for a mandatory award of costs and attorneys' fees pursuant to 29 U.S.C. § 216(b), plaintiffs requested the following:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Myong Joun | 588.20 | $375 | $220,575.00 |
| Myong Joun | 97.30 | $200 | $19,460.00 |
| Jeffrey Wiesner | 213.80 | $350 | $74,830.00 |
| Jeffrey Wiesner | 36.10 | $200 | $7,220.00 |
| Expenses | | | $11,185.28 |
| **TOTAL** | | | **$333,270.28** |

However, based on the above, the plaintiffs now request a modification of the above as follows:

| Attorney | Hours | Rate | Total |
|---|---|---|---|
| Myong Joun | 568.80 | $375 | $213,300.00 |
| Myong Joun | 100.50 | $200 | $20,100.00 |
| Jeffrey Wiesner | 201.20 | $350 | $70,420.00 |
| Jeffrey Wiesner | 48.70 | $200 | $9,740.00 |
| Expenses | | | $11,185.28 |
| **TOTAL** | | | **$324,745.28** |

     **Respectfully submitted,**

     **For Plaintiffs**,

By their attorneys,

 */s/ Myong J. Joun*
Myong J. Joun
BBO No. 645099
Joun Law Office
491 Massachusetts Ave., Suite 208
Arlington, Massachusetts 02474
Tel.: (617) 304-6186
Fax: (866) 551-4983
Email: mjoun@massrights.com


 */s/ Jeffrey Wiesner*
Jeffrey Wiesner
BBO No. 655814
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
Tel.: (617) 742-5800
Fax: (617) 742-5858
Email: jwiesner@sswg.com

Dated: January 30, 2013


**CERTIFICATE OF SERVICE**

I certify that on this day I caused a true copy of the above document to be served upon the attorney of record for all parties via CM/ECF.


Date: 1/30/2013   */s/Myong J. Joun*
                Myong J. Joun