# MEMORANDUM OF UNDERSTANDING

WHEREAS, in the civil action entitled <u>Lin, et al v. Chinatown Restaurant Corp. et al</u>, ("the Litigation"), Plaintiffs have obtained a judgment after trial against Defendants Joyce Hayes and Chinatown Restaurant Corporation, Inc. in the amount of $77,700.00;

WHEREAS, Plaintiffs have filed a petition for attorney's fees and expenses in the amount of $333,270.28 and Defendants have opposed such motion;

WHEREAS, the parties filed, and the District Court ordered, a stay of the proceedings with respect to Plaintiffs fee petition;

WHEREAS, Defendants have filed a notice of appeal in the First Circuit Court of Appeals;

WHEREAS, in an effort to reach a mutually satisfactory settlement of the Litigation, Defendants and Plaintiffs have participated in mediation at the First Circuit Court of Appeals; and

WHEREAS, as a result of the mediated settlement process, Defendants and Plaintiffs have agreed to the following terms of settlement:

1. Defendants will file an assented-to motion, if necessary, to dismiss the appeal in the First Circuit Court of Appeals and to remand the case to the District Court;

2. The Parties will file an Assented to Judgment in the District Court in the amount of $407,700—$77,700.00 for the Plaintiffs and $330,000 in attorneys' fees.

3. The Parties will sign an agreement to be made part of the judgment with regard to the following:

(a) Defendants will engage a broker, agreeable to the Plaintiffs, and use best efforts to market and sell Defendants' restaurant (the Chinatown Restaurant) at a reasonable price. The Defendants will have six months from the date of judgment to effectuate the sale ("Six Month Period of Sale").

(b) The Plaintiffs will not to seek to collect the judgment against Defendants during the "Six Month Period of Sale."

(c) If the Chinatown restaurant is sold within 6 months, $246,200 ("Satisfaction amount") will be paid from the proceeds of the sale at the closing by bank check to Plaintiffs. (the "Payment"). Such payment will discharge and satisfy the judgment against the Defendants in full.

(d) Defendants represent and warrant that there are no obligations (liens, mortgages, attachments, or any such obligation) to be paid upon sale of the restaurant that have priority over the plaintiffs' rights to the proceeds up to the Satisfaction Amount, except payment of the broker fee and related customary closing costs and adjustments.

(e) If the Chinatown Restaurant is not sold within six months from the date of the Allowance of the Assented to Judgment, Plaintiffs are relieved of their obligation as set out in Paragraph 3(b) and, at their option, may collect the judgment against the Defendants. In no way, does any attempt on behalf of Plaintiffs to collect the judgment following the Six Month Period of Sale alter Defendants' obligations as set out in Paragraph 3(a).

Signed this 28th day of February, 2013.

For Plaintiffs,
By their attorneys,

_____
Myong J. Joun
BBO No. 645099
Joun Law Office
491 Massachusetts Ave., Suite 208
Arlington, Massachusetts 02474
Tel.: (617) 304-6186
Fax: (866) 551-4983
Email: mjoun@massrights.com

_____
Jeffrey Wiesner
BBO No. 655814
Stern, Shapiro, Weissberg & Garin, LLP
90 Canal Street, Suite 500
Boston, MA 02114-2022
Tel.: (617) 742-5800
Fax: (617) 742-5858
Email: jwiesner@sswg.com

For Defendant Chinatown
Restaurant Corp.,
By its attorney,

_____
David Berman
BBO No. 040060
100 George P. Hassett Drive
Medford, MA 02155-3297
Tel: (781) 395-7520
Fax: (781) 395-9658
davidberman2@verizon.net

For Defendant Joyce P.Y. Hayes,
By her attorney,

_____
Lawrence M. Siskind
BBO No. 465180
Siskind & Siskind
360 Belmont Street
Brockton, MA 02301
Tel.: (508) 588-5015
Fax: (508) 588-5019
lawrence@siskindlaw.com